Judgment and order of Monroe County Court reversed on the law and facts, with costs, and judgment of Rochester City Court affirmed. Memorandum: We agree with the statement of the County Judge that the record discloses that the parties were apparently in agreement that the collection of water on defendant’s garden was primarily intended to be eliminated. From our review of the record we conclude, further, that the proper interpretation of plaintiff’s letter of April 6, 1929, is, that it was required to install, for defendant, a drainage system adequate to remove the surface water from his garden. The profile map in evidence, which, concededly, defendant had in his possession prior to his receipt of the letter, and during the construction of the system, amply supports such an interpretation. That the system installed was adequate for that purpose is sustained by the evidence. Indeed, defendant’s own expert witness, Cook, testified that it would substantially do so. .Nor does the evidence require a finding that there was not a substantial compliance with ihe requirements of the letter in the laying of the tile from the low spot, in the garden to the ditch. The profile map showed that it was to be laid with a fall of .2%. Even a casual examination of it would disclose exactly how deep the pipe was to be. Defendant, who was a graduate' mechanical engineer, must have understood this map. Moreover, at the best, from defendant’s standpoint, whether there was a compliance with all details specified in the letter of April 6, 1929, presented a question of fact for determination by the City Court Judge. We are, therefore, in accord with his determination in that respect. Even assuming that the testimony of defendant’s two experts, as to the meaning of the word “ drainage ”, was competent on the question of interpretation of, or compliance with the letter of April 6, 1929, we do not consider such error, even if it were error, in the state of this record, to be substantial enough to warrant a reversal. If this letter needed interpretation by extraneous proof, the surest way to have determined the intention of the parties was to have received oral proof of the negotiations leading up to the writing of this letter. Ón defendant’s objection such proof was excluded. Plaintiff’s offer to permit any testimony as to conversations between "the, parties prior to the writing of the letter, was rejected. This is the second’ trial of this action and the second appeal to this court [see ,240 App. Div. 753] L Concluding, as we do, that the present record adequately *861 supports the determination of the City Court Judge, the judgment of the County Court must be reversed and that of the City Court affirmed. All concur. (The judgment of the Monroe County Court reverses a judgment of the Rochester City Court in favor of plaintiff, and grants a new trial, in an action for contract price of work performed. The order is the order of reversal.) Present — Taylor, P. J., Harris, MeCurn, Larkin and Love, JJ. County on Erie, Respondent, v. Eduard F. Metz et al., Constituting the Board of Trustees of'School District No. 13, Amherst, Appellants.— Judgment affirmed, with costs. All concur. (The judgment is for plaintiff in an action to recover money had and received.) Present— Taylor, P. J., Dowling, Harris, MeCurn and Love, JJ. [See post, p. 960].